JAMISON v. THE BURLINGTON AND WESTERN RAILWAY COMPANY.

Action: DISMISSAL: OTHER ACTION PENDING: CONSOLIDATION. Plaintiff appealed from a condemnation proceeding for right of way, and from the judgment of the circuit court the defendant appealed to this court. The defendant had deposited the amount of the award with the sheriff, as required by law. The proceeding was affirmed in this court, and the cause remanded by *procedendo.* Plaintiff then sought to recover the interest on the deposit pending the appeal to this court, by two proceedings: *First*, by a motion to redocket the cause, and a pleading demanding the interest;

and, *second*, by this independent action. *Held* that all of the rights of the parties should be adjusted in the first proceeding, and that, since a party cannot maintain two actions at the same time against the same party for the same relief, the independent action was properly dismissed; *also*, that a motion to consolidate the two actions was properly overruled,—such consolidation not being warranted by section 2514 of the Code, providing for a change into the proper proceeding of an action improperly begun.

*Appeal from Mahaska District Court.* —HON. W. R. LEWIS, Judge.

FILED, OCTOBER 19, 1889.

THIS is an action to recover interest on a certain amount of money which was deposited by the defendant as compensation for a right of way for its railroad over certain land of the plaintiff. The money was deposited with the sheriff, in pursuance of law, after the amount had been ascertained by the verdict of a jury in the district court, and pending an appeal to this court. The cause was tried to the court without a jury, and there was an order of abatement or dismissal upon the ground that there was another action or trial pending "in which the same matters were involved." Plaintiff appeals.

*Bolton & McCoy*, for appellant.

*Kelly & Cooper* and *J. F. & W. R. Lacey*, for appellee.

ROTHROCK, J.—The original proceeding for the condemnation of the land was affirmed by this court. The cause was remanded by *procedendo*. The plaintiff was desirous of recovering the interest on the deposit made with the sheriff pending the appeal. It was sought to accomplish this by two proceedings: *First*, by a motion to redocket the original case, and a pleading demanding the interest; and, *second*, by this independent action. It is very plain that the plaintiff had no right to maintain both actions at the same time.

They sought precisely the same relief. It is equally plain that, in the proceedings to condemn the land, all of the rights of the parties should be adjusted. There was no reason for bringing an independent action. The plaintiff sought to avoid the dismissal of this action by moving to consolidate it with the condemnation proceedings. The court rightly refused to sustain the motion to consolidate. Plaintiff's counsel claim the motion should have been sustained on the ground that, under section 2514 of the Code, "an error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceeding, and a transfer of the action to the proper docket." This provision of the law has no application to double actions for the same thing. A party has no right to harass another by more than one action at the same time for the same cause, and cannot maintain more than one action by consolidation. The order of dismissal will be

AFFIRMED.